**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANKLIN R. FRALEY, Jr., DBA Fraley and Associates, an individual, | No. 19-55846 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00722-AB-JPR |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., a Wisconsin corporation, | MEMORANDUM* |
| Defendants-Appellees, | |
| v. | |
| DRITA KESSLER, an individual; DK ART PUBLISHING, INC., a California corporation, | |
| Third-party-defendants. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 9, 2020
Pasadena, California

Before:  KLEINFELD, HURWITZ, and BUMATAY, Circuit Judges.

Fraley appeals the district court's summary judgment order for the insurers. We review de novo.  *Pavoni v. Chrysler Grp.*, 789 F.3d 1095, 1098 (9th Cir. 2015).

Fraley and his former clients, Drita Kessler and DK Art Publishing, Inc., arbitrated his fee.  The arbitrator issued an award on January 22, 2018.  Kessler and DK had previously made a partial payment to Fraley of $1,299,990.00.  The arbitrator credited that amount and made a final award to Fraley, in addition to the amount previously paid, of $1,437,891.55 in principal compensatory damages for his attorney's fees and costs relating to his representation of Kessler and DK; $1,113,899.94 for attorney's fees, expenses, and costs related to the fee dispute; and $52,490.00 for arbitration fees, expenses, and arbitrator compensation.  Thus, the total arbitration award was $2,604,281.49, plus per diem interest of $709.10 on the principal compensatory damages.

The Superior Court of the State of California confirmed the award, issuing a judgment in favor of Fraley on July 9, 2018 for $2,921,413.51. This amount included Fraley's unpaid legal fees and costs; attorney's fees, expenses, and costs incurred by Fraley in the arbitration; arbitration fees, expenses, and arbitrator compensation; and pre-judgment interest and enforcement costs.

A week after the final arbitration award, Fraley filed this lawsuit, claiming the insurance companies that had settled with his former clients in another lawsuit, Travelers Property Casualty Company and Fidelity and Guaranty Insurance Underwriters, Inc., owed him the outstanding balance of his attorney's lien for failing to preserve his collateral when they transferred $5.16 million dollars to his former clients in derogation of his lien.

The Superior Court judgment confirming the arbitration award establishes the amount to which Fraley was entitled, the amount that his lien secured, and his ability to apply partial payments in the manner designated by the arbitrator (e.g., to apply payments to interest before principal). Issue preclusion prevents the insurers from challenging the amount of Fraley's lien and how he can apply subsequent partial payments to what is owed to him. *See DKN Holdings LLC v. Faerber*, 352

3

P.3d 378, 387 (Cal. 2015). "The state court's confirmation of the arbitration award . . . must be given the full faith and credit it would receive under state law." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989). The amount the insurance companies set aside or reserved is of no moment. Had the insurers interpleaded the funds and deposited all the proceeds with a court during the settlement process, they could have limited their liability. *See Siciliano v. Fireman's Fund Ins. Co.*, 133 Cal. Rptr. 376, 382 (Ct. App. 1976). But they did not take that course.

The insurance companies also claim that Fraley's intentional interference claims against them were time-barred. *See* Cal. Code Civ. Proc. § 339. The insurer's claim is without merit. "It is well established that '[a]fter the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it.'" *Mojtahedi v. Vargas*, 176 Cal. Rptr. 3d 313, 316 (Ct. App. 2014) (alteration in original) (quoting *Brown v. Superior Ct.*, 9 Cal. Rptr. 3d 912, 919 (Ct. App. 2004)). "[T]he running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights." *Dillon v. Bd. of Pension Comm'rs of City of Los Angeles*, 116

4

P.2d 37, 39 (Cal. 1941). Fraley timely commenced arbitration proceedings in 2016, and the arbitration award was not confirmed until July 2018. He was therefore entitled to tolling at least through the time he filed suit.

Additionally, the insurance companies contend that they are not bound by the arbitration because they are not in privity with Fraley's former clients. They are incorrect. To be in privity with a party for purposes of issue preclusion, the nonparty must have been adequately represented in the prior proceeding, such that they could have reasonably expected to be bound. *DKN Holdings*, 352 P.3d at 387–88. Here, Fraley's former clients contested his lien, and the insurers expressly contemplated future litigation by Fraley in their settlement agreement with Fraley's former clients. Thus, the insurers are precluded from relitigating the amount of Fraley's lien and how prior payments should have been applied to what was owed to him.

Because of the effect of the judgment confirming the arbitration, Fraley was entitled to $2,921,413.51, and California law dictates that he receive post-judgment interest at a rate of ten percent per annum. Cal. Code Civ. Proc. §§ 685.010, 685.020(a), 695.210. The Superior Court judgment further entitles Fraley to the

5

additional attorney's fees, expenses, and costs he incurred to enforce his rights in this action.  Accordingly, he is owed that amount as well.  On October 5, 2018, Fraley received an additional $797,917.62 from his former clients.  We leave it to the district judge to determine what Fraley is still entitled to in the first instance.

**REVERSED and REMANDED.**